**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Laura Traslavina, surviving mother) of deceased minor L.V.T., ) ) Plaintiff, ) ) vs. ) ) ) MDS Pharma Services Inc.; Tocagen, Inc.;) Scott Sharples, ) ) Defendants. ) ) ) | No. CV-11-0742-PHX-FJM **ORDER** |

The court has before it plaintiff's motion to remand to state court (doc. 6), defendants' response (doc. 10), and plaintiff's reply (doc. 11).

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County against MDS Pharma Services, Inc. ("MDS"), a Nebraska corporation, Tocagen, Inc., a California corporation, and Scott Sharples, an Arizona resident. The action was then removed to federal court. Plaintiff contends that removal is not proper under the forum defendant rule in 28 U.S.C. § 1441(b) because Scott Sharples is an Arizona resident.

Section 1441(b) provides that an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants concede that Scott Sharples is an Arizona resident, but argue that because he was not served at the time MDS removed this action, removal is proper.

1 Defendants point to the general principle that challenges to removal require an inquiry into
2 the circumstances at the time the notice of removal is filed. Spencer v. United States Dist.
3 Court, 393 F.3d 867, 871 (9th Cir. 2004).

4     Plaintiff filed her complaint in state court on April 12, 2011. MDS filed its notice of
5 removal just two days later, on April 14, 2011, before any defendant had been served.
6 Defendant Sharples was served six days after plaintiff filed her complaint.

7     The "properly joined and served" language of 28 U.S.C. § 1441(b) is widely
8 interpreted, not as an effort to expand removal jurisdiction, but as reflecting a Congressional
9 intent to prevent the fraudulent joinder of forum defendants in order to avoid removal.
10 Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 644 (D.N.J. 2008). Courts have
11 refused to apply § 1441(b) literally where doing so "would produce a result demonstrably at
12 odds with Congressional intent underpinning the forum defendant rule," Ethington v. General
13 Elec. Co., 575 F. Supp. 2d 855, 864 (N.D. Ohio 2008), and instead would "promote[ ]
14 gamesmanship on the part of removing defendants." Standing v. Watson Pharm., Inc., 2009
15 WL 842211, at *3 (C.D. Cal. March 26, 2009); see also Sullivan, 575 F. Supp. 2d at 645
16 ("Indeed, it is inconceivable that Congress, in adding the 'properly joined and served'
17 language, intended to create an arbitrary means for a forum defendant to avoid the forum
18 defendant rule simply by filing a notice of removal before the plaintiff is able to effect
19 process.").

20     Here, MDS removed this action a mere two days after the complaint was filed. Thus,
21 plaintiffs did not have a meaningful opportunity to effectuate service before defendants filed
22 their notice of removal. Sharples was effectively served only 6 days after the complaint was
23 filed. It appears from the complaint that Sharples is integral to plaintiff's claims and was not
24 joined solely for the purpose of defeating removal. Because "service is not the key factor in
25 determining diversity," Preaseau v. Prudential Ins. Co., 591 F.2d 74, 78 (9th Cir. 1979), we
26 conclude that, under the circumstances of this case, the purpose of § 1441(b) is not served
27 by ignoring the Arizona defendant. Therefore, we conclude that removal was improper under
28 § 1441(b) and accordingly we remand this case to the Superior Court of Arizona in Maricopa

1  County.

2  **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 6).

3  DATED this 26th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -